Hornblower, C. J.
The reasons relied upon, for setting aside the attachment and proceedings thereon in this case, are the same as in the case of Morrel et al. v. Fearing and Hall, except that in this case the writ was served by a special deputy, which fact is assigned as a reason for setting aside this attachment. All the other reasons having been overruled, in that case, it only remains to express an opinion, on the objection last mentioned.
The right of a sheriff to make a special deputy, as distinguished from a regularly appointed deputy sheriff, under the act of the legislature, was discussed in the case of Smith v. Allen, 7 Halst. 159. The right of a sheriff to appoint a special deputy, for the service of a particular writ, is there settled, and such service held to be good.
The counsel for the plaintiffs in Certiorari in this case, however, insist, that the judgment of the court, in Smith v. Allen, relates only to the service of the ordinary common law process of the court, and has no application to the service of an attachment under our statute; because, as they contend, in the service of an attachment, the sheriff is required to act in some measure *674 judicially, or in the exercise of his judgment, as well as ministerially ; that he is to make his attachment, in the presence of “ a credible person,” whom he is to select; and is to call to his assistance one discreet and impartial freeholder, who is to aid him in making the appraisement, &c.;” and that an officer cannot delegate these discretionary duties to another.
I cannot however yield to this argument. The officer acts ministerially in the service of a writ of attachment, as much as he does in' the service of any other process. In serving a writ of replevin, and some other writs, he is to make appraisements; judge of the sufficiency of pledges; and do many other discretionary things.
The attachment and proceedings therefore in this case must stand Affirmed.
Whitehead, J. concurred; the other Justices did not hear the argument and expressed no opinion.
Cited in Jewell v. Hutchinson, 2 Vr. 72.